# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **CRIMINAL NO. 14-248-s** |
| | § | |
| **ALI IRSAN,** | § | |
| **Defendant.** | § | |

## PLEA AGREEMENT

The United States of America, by and through Kenneth Magidson, United States Attorney  for the Southern District of Texas, and Jim McAlister, Assistant United States Attorney, and the defendant, Ali Irsan ("Defendant"), and Defendant's counsel, pursuant to Rule  **11(c)(1)(A) and/or 11(c)(1)(B)** of the Federal Rules of Criminal Procedure, state that they have entered into an agreement, the terms and conditions of which are as follows:

### Defendant's Agreement

1.    Defendant agrees to plead guilty to Count I of the Superseding Indictment.   Count I charges Defendant with Conspiracy to Defraud the United States, in violation of Title 18, United States Code, Section 371.   Defendant, by entering this plea, agrees that he is waiving any right to have the facts that the law makes essential to the punishment either charged in the indictment, or proved to a jury or proven beyond a reasonable doubt.

## Punishment Range

2.   The <u>statutory</u> maximum penalty for each violation of Title 18, United States Code, Section 371, is imprisonment of not more than five (5) years and a fine of not more than $ 250,000.   Additionally, Defendant may receive a term of supervised release after imprisonment of [up to] three (3) years.   *See* Title 18, United States Code, sections 3559(a)(3) and 3583(b)(2).   Defendant acknowledges and understands that if he should violate the conditions of any period of supervised release which may be imposed as part of his sentence, then Defendant may be imprisoned for the entire term of supervised release, without credit for time already served on the term of supervised release prior to such violation.   *See* Title 18, United Stated Code, sections 3559(a)(3) and 3583(e)(3).   Defendant understands that he cannot have the imposition or execution of the sentence suspended, nor is he eligible for parole.

## Mandatory Special Assessment

3.   Pursuant to Title 18, United States Code, section 3013(a)(2)(A), immediately after sentencing, Defendant will pay to the Clerk of the United States District Court a special assessment in the amount of one hundred dollars ($100.00) per count of conviction.   The payment will be by cashier's check or money order,

payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

### Immigration Consequences

4.   Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Defendant understands that if he is not a citizen of the United States, by pleading guilty he may be removed from the United States, denied citizenship, and denied admission to the United States in the future.   Defendant's attorney has advised Defendant of the potential immigration consequences resulting from Defendant's plea of guilty.

### Waiver of Appeal and Collateral Review

5.   Defendant is aware that Title 28, United States Code, section 1291, and Title 18, United States Code, section 3742, afford a defendant the right to appeal the conviction and sentence imposed. Defendant is also aware that Title 28, United States Code, section 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the judgment of conviction and sentence has become final.   Defendant knowingly and voluntarily waives the right to appeal or "collaterally attack" the conviction and sentence, except that Defendant does not waive the right to raise a claim of ineffective assistance of counsel on direct appeal,

3

if otherwise permitted, or on collateral review in a motion under Title 28, United States Code, section 2255. In the event Defendant files a notice of appeal following the imposition of the sentence or later collaterally attacks his conviction or sentence, the United States will assert its rights under this agreement and seek specific performance of these waivers.

6. In agreeing to these waivers, Defendant is aware that a sentence has not yet been determined by the Court. Defendant is also aware that any estimate of the possible sentencing range under the sentencing guidelines that he may have received from his counsel, the United States or the Probation Office, is a prediction and not a promise, did not induce his guilty plea, and is not binding on the United States, the Probation Office or the Court. The United States does not make any promise or representation concerning what sentence the defendant will receive. Defendant further understands and agrees that the United States Sentencing Guidelines are "effectively advisory" to the Court. *See United States v. Booker*, 543 U.S. 220 (2005). Accordingly, Defendant understands that, although the Court must consult the Sentencing Guidelines and must take them into account when sentencing Defendant, the Court is not bound to follow the Sentencing Guidelines nor sentence Defendant within the calculated guideline range.

4

7.   Defendant understands and agrees that each and all waivers contained in the Agreement are made in exchange for the concessions made by the United States in this plea agreement.

## The United States' Agreements

8.   The United States agrees to each of the following:

(a)     If Defendant pleads guilty to Count I of the superseding indictment and persists in that plea through sentencing, and if the Court accepts this plea agreement, the United States will move to dismiss any remaining counts of the indictment at the time of sentencing;

(b)     At the time of sentencing, the United States agrees not to oppose Defendant's anticipated request to the Court and the United States Probation Office that he receive a two (2) level downward adjustment pursuant to section 3E1.1(a) of the United States Sentencing Guidelines, should Defendant accept responsibility as contemplated by the Sentencing Guidelines; and

(c)     If Defendant qualifies for an adjustment under section 3E1.1(a) of the United States Sentencing Guidelines, the United States agrees not to oppose Defendant's request for an additional one-level departure based on the timeliness of the plea or the expeditious manner in which Defendant provided complete information regarding his role in the offense (if Defendant's offense level is 16 or greater).

## United States' Non-Waiver of Appeal

9.   The United States reserves the right to carry out its responsibilities under guidelines sentencing.   Specifically, the United States reserves the right:

(a)     to bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

(b)   to set forth or dispute sentencing factors or facts material to sentencing;

(c)   to seek resolution of such factors or facts in conference with Defendant's counsel and the Probation Office;

(d)   to file a pleading relating to these issues, in accordance with section 6A1.2 of the United States Sentencing Guidelines and Title 18, United States Code, section 3553(a); and

(e)   to appeal the sentence imposed or the manner in which it was determined.

## Sentence Determination

10.   Defendant is aware that the sentence will be imposed after consideration of the United States Sentencing Guidelines and Policy Statements, which are only advisory, as well as the provisions of Title 18, United States Code, section 3553(a). Defendant nonetheless acknowledges and agrees that the Court has authority to impose any sentence up to and including the statutory maximum set for the offense(s) to which Defendant pleads guilty, and that the sentence to be imposed is within the sole discretion of the sentencing judge after the Court has consulted the applicable Sentencing Guidelines.   Defendant understands and agrees that the parties' positions regarding the application of the Sentencing Guidelines do not bind the Court and that the sentence imposed is within the discretion of the sentencing judge.   If the Court should impose any sentence up to the maximum established by

statute, or should the Court order any or all of the sentences imposed to run consecutively, Defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this plea agreement.

### Rights at Trial

11.    Defendant understands that by entering into this agreement, he surrenders certain rights as provided in this plea agreement.   Defendant understands that the rights of a defendant include the following:

> (a)    If Defendant persisted in a plea of not guilty to the charges, defendant would have the right to a speedy jury trial with the assistance of counsel.   The trial may be conducted by a judge sitting without a jury if Defendant, the United States, and the court all agree.

> (b)    At a trial, the United States would be required to present witnesses and other evidence against Defendant.   Defendant would have the opportunity to confront those witnesses and his attorney would be allowed to cross-examine them.   In turn, Defendant could, but would not be required to, present witnesses and other evidence on his own behalf.   If the witnesses for Defendant would not appear voluntarily, he could require their attendance through the subpoena power of the court; and

> (c)    At a trial, Defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify.   However, if Defendant desired to do so, he could testify on his own behalf.

## Factual Basis for Guilty Plea

12.   Defendant is pleading guilty because he is in fact guilty of the charges contained in Count I of the indictment.   If this case were to proceed to trial, the United States could prove each element of the offense beyond a reasonable doubt. The following facts, are stipulated by the defendant and would be offered to establish Defendant's guilt:

Ali Irsan was a resident within the Southern District of Texas.   He received federal supplemental security income (SSI) benefits in the Southern District of Texas. Supplemental Security Income (SSI) is a needs-based benefit provided by the United States Social Security administration, which is part of the executive branch of the United States. SSI pays monthly benefits to the disabled, who DO NOT have resources.   An individual with resources, excluding a home and a car, with an aggregate value in excess of $2,000 is ineligible for SSI and married couples with resources in excess of $3,000 are ineligible for SSI. The SSI beneficiary is provided notice verbally, by letter, and through forms of the eligibility requirements and that he is under a continuing duty to notify the Social Security Administration of a change in household resources over time.

On or about September 4, 2002, Ali Irsan applied for SSI benefits claiming that he had been disabled and unable to work since 1990. The disability portion was approved and Mr. Irsan claimed he had no form of income or resources.   Mr. Irsan received uninterrupted monthly benefit payments of over $500 per month in 2003 to over $700 per month in 2014.   Ali Irsan's wife was approved by SSA and received SSI benefits of over $500 per month in 2005 which increased to over $700 per month in 2014.

The defendant stipulates and the investigation by the Office of Inspector General for the Social Security Administration shows the following acts and the following efforts to hide resources, which made Mr. Irsan and his wife ineligible for SSI:

1) Ali Irsan maintained a foreign bank account, in Jordan, from June 2004 to present with a balance that fluctuated from approximately $4000 to $16,000.

8

2) On or about January 26, 2010, Ali Irsan and Nadia Irsan, endorsed and deposited a check for $75,000 into a bank account at Chase, under the name of Nadia Irsan, in order to hide the funds from the Social Security Administration.

Ali Irsan and others knowingly secreted the above resources from the Social Security Administration to intentionally defraud the United States of SSI benefits to which Ali Irsan and his wife were not entitled in violation of 18 U.S.C. 371.

## Breach of Plea Agreement

13.   If Defendant should fail in any way to fulfill completely all of the obligations under this plea agreement, the United States will be released from its obligations under the plea agreement, and Defendant's plea and sentence will stand. If at any time Defendant retains, conceals, or disposes of assets in violation of this plea agreement, or if Defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then the United States may move the Court to set aside the guilty plea and reinstate prosecution.   Any information and documents that have been disclosed by Defendant, whether prior to or subsequent to this plea agreement, and all leads derived therefrom, will be used against defendant in any prosecution.

14.   Defendant understands that forfeiture, restitution, and fines are separate components of sentencing and are separate obligations.

## Restitution

15.   Defendant agrees to pay full restitution to the victim(s) regardless of the count(s) of conviction.   Defendant stipulates and agrees that as a result of his criminal conduct, the victim(s) incurred a monetary.   Defendant understands and agrees that the Court will determine the amount of restitution to fully compensate the victim(s).   Defendant agrees that restitution imposed by the Court will be due and payable immediately and that Defendant will not attempt to avoid or delay payment.   Subject to the provisions of paragraph 7 above, Defendant waives the right to challenge in any manner, including by direct appeal or in a collateral proceeding, the restitution order imposed by the Court.

## Fines

16.   Defendant understands that under the Sentencing Guidelines the Court is permitted to order Defendant to pay a fine that is sufficient to reimburse the government for the costs of any imprisonment or term of supervised release, if any. Defendant agrees that any fine imposed by the Court will be due and payable immediately, and Defendant will not attempt to avoid or delay payment.   Subject to the provisions of paragraph 7 above, Defendant waives the right to challenge the fine in any manner, including by direct appeal or in a collateral proceeding.

**Complete Agreement**

17.   This written plea agreement, consisting of 12 pages, including the attached addendum of Defendant and his attorney, constitutes the complete plea agreement between the United States, Defendant, and Defendant's counsel.   No promises or representations have been made by the United States except as set forth in writing in this plea agreement.   Defendant acknowledges that no threats have been made against him/her and that he is pleading guilty freely and voluntarily because he is guilty.

18.   Any modification of this plea agreement must be in writing and signed by all parties.

Filed at _____3 r d_____, Texas, on _____April_____,
2015.

_____
Defendant

Subscribed and sworn to before me on _____April 3_____, 2015.

DAVID J. BRADLEY, Clerk
UNITED STATES DISTRICT CLERK

By: _____
Deputy United States District Clerk

APPROVED:
Kenneth Magidson
United States Attorney

By: _____          _____
Jim McAlister & Mark McIntyre          Attorney for Defendant
Assistant United States Attorneys
Southern District of Texas

11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 14-248-s |
| | § | |
| ALI IRSAN, | § | |
| Defendant. | § | |

## PLEA AGREEMENT -- ADDENDUM

I have fully explained to Defendant his rights with respect to the pending indictment. I have reviewed the provisions of the United States Sentencing Commission's Guidelines Manual and Policy Statements and I have fully and carefully explained to Defendant the provisions of those Guidelines which may apply in this case. I have also explained to Defendant that the Sentencing Guidelines are only advisory and the court may sentence Defendant up to the maximum allowed by statute per count of conviction. Further, I have carefully reviewed every part of this plea agreement with Defendant. To my knowledge, Defendant's decision to enter into this agreement is an informed and voluntary one.

_____     April 3, 2015
Attorney for Defendant          Date

I have consulted with my attorney and fully understand all my rights with respect to the superseding indictment pending against me. My attorney has fully explained, and I understand, all my rights with respect to the provisions of the United States Sentencing Commission's Guidelines Manual which may apply in my case. I have read and carefully reviewed every part of this plea agreement with my attorney. I understand this agreement and I voluntarily agree to its terms.

_____     April 3, 2015
Defendant                       Date

12